UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SOWNDHARYA SUBRAMANIAM, *et al.*,<br><br>Defendants. | Case No. 21-12984<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY DEFENDANT BRINDHA PERIYASAMY'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 14]**

**I.    Introduction**

Plaintiff The Lincoln National Life Insurance Company ("Lincoln") brought this action against Defendants Brindha Periyasamy and Sowndharya Subramaniam for interpleader relating to group life insurance issued to a decedent—Periyasamy's husband and Subramaniam's former husband.  ECF No. 1.  Periyasamy moved for summary judgment against Subramaniam, arguing that she is entitled to the life insurance death benefits.  ECF No. 14.  The Honorable Judith E. Levy referred the case to

the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 15.

## II. Background

This matter involves competing claims on the proceeds of an Employment Retirement Income Security Act of 1974 ("ERISA") life insurance benefit plan issued by The Lincoln National Life Insurance Company ("Lincoln").  Lincoln filed its complaint in interpleader, naming as defendants Brindha Periyasamy and Sowndharya Subramaniam, the claimants to the life insurance proceeds.  ECF No. 1.

Ramesh Palanisamy and Defendant Subramaniam married in India in 2012.  ECF No. 16-1, PageID.160.  In 2013, while working in Michigan, Palanisamy designated Subramaniam, his then "spouse," as his sole primary beneficiary to his ERISA-covered life insurance plan.  ECF No. 14-6, PageID.141.  In 2015, he and Subramaniam divorced, and the Oakland County court entered a consent judgment of divorce.  ECF No. 14-4, PageID.128; ECF No. 16-3, PageID.179.  The "insurance provision" section of the divorce decree stated:

> IT IS HERBY ORDERED AND AJUDGED that any rights of either party in any policy or contract of life, endowment or annuity or annuity insurance of the other, as beneficiary, are hereby extinguished unless specifically preserved by this Judgment.

> The parties acknowledge and understand that all life insurance beneficiary designations should be changed to reflect the intent of this Judgment and that a failure to do so may result in the preceding paragraph, not being effective under current law.

ECF No. 14-4, PageID.134; ECF No. 16-3, PageID.185.

In 2018, Palanisamy married Defendant Brindha Periyasamy. ECF No. 14-2, PageID.124. But the parties state that Palanisamy did not complete a new enrollment form to designate his new spouse, Periyasamy, as his life insurance beneficiary. Thus, when he died in 2021, his former wife Subramaniam was still listed as the primary beneficiary for his life insurance.

Both Periyasamy and Subramaniam sought to claim the insurance proceeds, so Lincoln filed its complaint in interpleader in December 2021, naming them as defendants. ECF No. 1. In April 2022, Judge Levy ordered Lincoln to deposit the death benefit funds into the registry of the court and dismissed Lincoln from the suit. ECF No. 10, PageID.85. Periyasamy then moved for summary judgment against Subramaniam, arguing that she is entitled to Palanisamy's life insurance death benefits. ECF No. 14.

Periyasamy seeks to have the insurance proceeds "impleaded into the Court," a declaration that Subramaniam has no legal right to the

insurance proceeds, and a declaration that apportionment of the death benefits be determined by the Oakland County Probate Court. ECF No. 14, PageID.106. Subramaniam counters that she has limited proficiency in English and that she was "operating under duress" or that Palanisamy "exerted undue influence over her" when she signed the divorce decree. ECF No. 16, PageID.149, 154-155. Thus, Subramaniam argues that the divorce decree did not waive her rights. *Id.*, PageID.155.

After reviewing the parties' briefs, the Court ordered the parties to file a supplemental brief addressing two legal issues:

1. Whether the consent judgment of divorce is a qualified domestic relations order [QDRO] that is exempt from ERISA's anti-alienation and preemption provisions. *See Metro. Life Ins. Co. v. McDonald*, 395 F. Supp. 3d 886, 891 (E.D. Mich. 2019).

2. Whether this Court has the authority to find that the consent judgment of divorce should be voided because of Subramaniam's claim that she signed the consent judgment under duress or because of fraud. *See, e.g.*, *Bachi-Reffitt v. Reffitt*, No. 1:17-CV-263, 2017 WL 5998112, at *6 (W.D. Mich. Dec. 4, 2017), *aff'd*, 802 F. App'x 913 (6th Cir. 2020).

ECF No. 19, PageID.262-263. The parties timely briefed these issues. ECF No. 20; ECF No. 21; ECF No. 22.

The Court finds that the judgment of divorce is not a QDRO and that ERISA therefore preempts state law. Under ERISA, Periyasamy's motion

4

for summary judgment should be denied. With that finding, the question of whether this Court has the authority to void the consent judgment of divorce is moot.[1]

### III. Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the lack of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id*. at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But "[t]he failure

---

[1] If it were not moot, the Court would have found that the only venue for Subramaniam to try to set aside her divorce judgment would be family court; this Court has no jurisdiction to address her claims that the divorce judgment was procured by fraud. *Bachi-Reffitt v. Reffitt*, No. 1:17-CV-263, 2017 WL 5998112, at *5-*6 (W.D. Mich. Dec. 4, 2017), *aff'd*, 802 F. App'x 913 (6th Cir. 2020).

to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

**B.**

ERISA is the federal statute that governs employee benefit welfare plans. 29 U.S.C. §§ 1001 *et seq*. Under ERISA, federal law must supersede all state laws which "relate to" an ERISA plan. *See* 29 U.S.C. § 1144(a). And "[t]he designation of beneficiaries plainly relates to…ERISA plans." *McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir. 1990), *on reh'g*, 922 F.2d 841 (6th Cir. 1990). Generally, divorce decrees purporting to affect the benefits payable under an ERISA plan are not exempt, but a divorce decree that constitutes a qualified domestic relations order (QDRO) is exempt from ERISA's coverage. 29 U.S.C. §§ 1144(a), 1056(d)(3)(A); *Unicare Life & Health Ins. Co. v. Craig*, 157 F. App'x 787, 791 (6th Cir. 2005).

To qualify as a QDRO, the divorce decree must meet the requirements in 29 U.S.C. § 1056(d)(3). *See Metro. Life Ins. Co. v. McDonald*, 395 F. Supp. 3d 886, 890 (E.D. Mich. 2019). Among other requirements, the divorce decree must identify an alternate payee who would "receive all or a portion of the benefits payable with respect to a

participant under a plan." 29 U.S.C. § 1056(d)(3)(B)(i)(I). Both Periyasamy and Subramaniam agree that the divorce decree lacks the requisite information and is not a QDRO. ECF No. 20, PageID.266; ECF No. 21, PageID.295. Thus, the divorce decree is not exempt from preemption by ERISA.

But Periyasamy argues "that the Court should apply Michigan law and not rely exclusively on ERISA." ECF No. 21, PageID.267-268. She argues that she should receive the life insurance proceeds because the divorce decree terminated Subramaniam's rights to obtain the benefits. ECF No. 14. Not so. The Sixth Circuit has "explicitly and repeatedly held that state court divorce decrees purporting to affect the benefits payable from an ERISA plan are preempted." *Cent. States, Se. & Sw. Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000) (collecting cases).

The cases *Central States* cited involved decedents who did not change the beneficiary designation after their former spouses waived the right to receive benefits from the policy as part of a divorce settlement. *Id.* The Sixth Circuit noted that "[i]n each case, we held that the ERISA plan administrator must pay the ex-spouse the insurance proceeds despite the

7

waiver in the divorce settlement" because "the beneficiary card controls whom the plan administrator must pay." *Id.*

For example, in *McMillan v. Parrott*, the Sixth Circuit found that despite the waiver clause in the divorce settlement, the "explicit provisions of ERISA make clear that [the decedent's former spouse] did not effectively waive her interest as [the decedent's] beneficiary." 913 F.2d at 311. The court reasoned that the decedent agreed to the plans, designated his former wife as the beneficiary, and "continued to do so, unchanged, for four years after their divorce." *Id.* at 311-12. The court also noted that Section 1104(a) of ERISA required that a plan administrator discharge his duties "in accordance with the documents and instruments governing the plan." *Id.* at 312 (quoting 29 U.S.C. § 1104(a)). Thus, the *McMillan* court concluded that the federal statute and the plan provisions showed that the documents naming the former spouse as beneficiary "control," making the former spouse the decedent's beneficiary. *Id.*

The facts of this case support the same result. The decedent Palanisamy agreed to the ERISA benefit plan, designated Subramaniam as the beneficiary to the plan while they were married, and never changed the designation during the six years between the divorce and his death. *See* ECF No. 14-6, PageID.141; ECF No. 14-4, PageID.128. Despite the

8

language in the divorce decree, ERISA "make[s] clear that [Subramaniam] did not effectively waive her interest as [Palanisamy's] beneficiary." *McMillan*, 913 F.2d at 311; *see also Metro. Life Ins. Co. v. Pressley*, 82 F.3d 126, 128 (6th Cir. 1996) (affirming the district court's finding that under ERISA provisions, a former spouse of a decedent did not waive her interest as designated beneficiary with a waiver of rights in the divorce decree). Thus, ERISA preempts the state law divorce decree, Subramaniam is the proper beneficiary of Palanisamy's plan under federal law, and Periyasamy thus did not meet her burden of showing that there is no genuine issue of material fact.

Periyasamy also argues that ERISA is no longer applicable because the funds were disbursed, and she urges that the Court turn to Michigan law to create a constructive trust. ECF No. 20, PageID.268-269 (citing *Unum Life Ins. Co. of Am. v. Willis*, No. 119CV02719STAJAY, 2021 WL 129819, at *2 (W.D. Tenn. Jan. 13, 2021)). In *Unum*, the court found that after the insurance company deposited the life insurance benefits into the court's funds, "properly releas[ing] the benefits," it had the "discretion to impose a constructive trust" under state law "if equity so requires." 2021 WL 129819, at *2. But a constructive trust "is an extraordinary remedy" that courts only "resort to…for life insurance proceeds where the evidence

9

is clear and convincing that a trust is necessary to avoid injustice." *Colonial Life & Accident Ins. Co. v. Est. of Stewart*, 819 F. App'x 318, 322 (6th Cir. 2020). The party seeking a constructive trust must offer clear and convincing evidence "related to the parties' intention with respect to a *particular* insurance policy or benefit plan." *Id.* (emphasis in original). Periyasamy points to no clear and convincing evidence related to the policy at issue that would warrant a constructive trust. *See* ECF No. 20, PageID.269.

For these reasons, the plan documents naming Subramaniam as the beneficiary of the policy controls.

## IV. Conclusion

The Court **RECOMMENDS** that Periyasamy's motion for summary judgment, ECF No. 14, be **DENIED**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: January 13, 2023

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's

findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2023.

                                                    s/Marlena Williams
                                                    MARLENA WILLIAMS
                                                    Case Manager