UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Lincoln National Life
Insurance Company,

                    Plaintiff,

v.

Sowndharya Subramaniam, *et al.*,

                    Defendants.

_____/

Case No. 21-cv-12984

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

**OPINION AND ORDER OVERRULING DEFENDANT BRINDHA PERIYASAMY'S OBJECTIONS [25] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [23]**

On January 13, 2023, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R") (ECF No. 23) recommending the Court deny Defendant Brindha Periyasamy's motion for summary judgment. (ECF No. 14.) On January 27, 2023, Periyasamy filed two timely objections to the R&R. (ECF No. 25.) Defendant Sowndharya Subramaniam filed a response on February 10, 2023. (ECF No. 30.) For the reasons set forth below, Periyasamy's objections are

overruled, and the R&R (ECF No. 23) is adopted. Accordingly, Periyasamy's motion for summary judgment (ECF No. 14) is denied.

## I. Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and finding it to be accurate and thorough. (*See* ECF No. 23, PageID.316–319.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as

are those that dispute the general correctness of the report and recommendation. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III. Analysis

#### A. Objection 1

In her first objection, Periyasamy argues that the R&R "erred by failing to find sufficient evidence on the record to impose a constructive trust." (ECF No. 25, PageID.411.) She states that "[i]t would be unconscionable" for Subramaniam to obtain the life insurance proceeds when Subramaniam and decedent Ramesh Palanisamy maintained "no relationship[] and no communication" following their divorce. (*Id.*) Periyasamy also notes that "decedent took it upon himself to raise [his

3

and Subramaniam's] daughter in the United State [sic] alone without [Subramaniam's] help or support." (*Id.*)

In addition, Periyasamy argues that the R&R mistakenly relies on *Colonial Life and Accident Insurance Company v. Estate of Stewart*, 819 F. App'x 318 (6th Cir. 2020) because *Colonial Life* applies Ohio law instead of Michigan law. (*See id.* at PageID.413.) She notes that based on *Colonial Life*, the R&R "states that constructive trusts require a [sic] clear and convincing evidence in what appears to be a blanket assertion." (*Id.* at PageID.414.) Periyasamy states that "there is no Michigan law which would impose such a standard on the imposition of a constructive trust," and that under Michigan law, "constructive trusts may be imposed based upon misrepresentation, concealment, mistake, undue influence, duress, or fraud." (*Id.*)

Periyasamy is correct that the Sixth Circuit in *Colonial Life* was applying Ohio law instead of Michigan law. Upon further review of Michigan case law, it appears that Periyasamy is also correct that Michigan courts do not employ *Colonial Life*'s "clear and convincing" language. However, Periyasamy has not shown that a constructive trust is warranted under Michigan law.

4

Under Michigan law, "a constructive trust is strictly not a trust at all, but merely a remedy administered in certain fraudulent breaches of trusts." *Metro. Life Ins. Co. v. Mulligan*, 210 F. Supp. 2d 894, 899 (E.D. Mich. 2002) (citing *Blachy v. Butcher*, 221 F.3d 896, 905 (6th Cir. 2000)). A constructive trust "may be imposed when property has been obtained through fraud, misrepresentation, concealment, . . . or any other similar circumstances which render it unconscionable for the holder of the legal title to retain and enjoy the property." *Blachy*, 221 F.3d at 903. "[T]he party wanting the constructive trust to be imposed has the burden of proof." *Mulligan*, 210 F. Supp. 2d at 899. There is a presumption against imposing a constructive trust "upon parties 'who have in no way contributed to the reasons for imposing a constructive trust.'" *Kammer Asphalt Paving Co. v. E. China Twp. Sch.*, 443 Mich. 176, 188 (1993); *Mulligan*, 210 F. Supp. 2d at 899 (citing *Ooley v. Collins*, 344 Mich. 148, 158 (1955)).

Here, there is no evidence of "fraud, misrepresentation, concealment, . . . or any other similar circumstances" that warrants imposing a constructive trust against Subramaniam. *Blachy*, 221 F.3d at 903; *see, e.g.*, *Chavarria v. Metro. Life Ins. Co.*, No. 2:08-cv-14234, 2009

5

WL 1856542, at *4 (E.D. Mich. June 25, 2009) (imposing a constructive trust under Michigan law because it "would afford [a decedent's ex-wife] the benefit of the bargained-for divorce agreement" when the decedent "misrepresented himself when signing the Judgment of Divorce"). It is undisputed that this litigation arose because decedent "did not complete a new enrollment form to designate his new spouse, Periyasamy, as his life insurance beneficiary." (ECF No. 23, PageID.317.) This case involves no allegations of fraud, misrepresentation, or concealment, and there is no showing of this type of misconduct. Although Periyasamy argues that it would be unconscionable for Subramaniam to get the life insurance proceeds because decedent and Subramaniam did not maintain a relationship following their divorce, Periyasamy points to no authority that demonstrates that a constructive trust should be imposed on this basis.[1] (*See* ECF No. 25; PageID.411–412.)

---

[1] Periyasamy cites to several Michigan cases on constructive trusts (*see* ECF No. 25, PageID.411–412), but these cases do not support her position that the Court should impose a constructive trust. *See, e.g.*, *Grasman v. Jelsema*, 70 Mich. App. 745, 752 (1976) (declining to impose a constructive trust when there was "no evidence of a breach of a fiduciary or confidential relationship, mistake, misrepresentation, concealment, undue influence, duress or fraud"); *Child. of Chippewa, Ottawa & Potawatomy Tribes v. Regents of Univ. of Mich.*, 104 Mich. App. 482, 492 (1981) (holding that a constructive trust was not appropriate absent evidence of fraud or malfeasance); *Racho v. Beach*, 254 Mich. 600, 607 (1931) (imposing a constructive

Moreover, Subramaniam "in no way contributed to the reasons for imposing a constructive trust.'" *Kammer*, 443 Mich. at 188. Given the presumption under Michigan law against imposing a constructive trust against someone who did not contribute to the reasons for imposing the trust, *see id.*, Periyasamy has failed to meet her burden of showing that the Court should impose a constructive trust. Because Periyasamy does not show that the R&R erred in recommending that the Court decline to impose a constructive trust, Periyasamy's first objection is overruled.

### B. Objection 2

In her second objection, Periyasamy argues that

> [t]he issue of whether the life insurance proceeds are governed under ERISA plan or whether they are a QUARDO is irrelevant given that once they are paid into the Court, they lose whatever protections may be afforded under the ERISA plan. As stated in the case of *Gray v. Aetna Life Insurance Company,* No.11-2204-STA-DKV, 2012 U.S District Lexis 53 112 (2012) WL 125257 at *2(W.D.Ten April 13th, 2012, the proceeds are no longer governed by the ERISA plan. The Magistrate's Report and Recommendation did not address this issue finding only that because a constructive trust is not supported by the facts of the case, that one would not be imposed. However, if an ERISA is not applicable to this dispute, then both the divorce decree, and Michigan Contract

---

trust when the defendant took "advantage of [his] fiduciary relationship" with the plaintiff to "secure [her] property").

> Law would govern and would require the monies to be distributed to the Oakland County Probate Court for a distribution allowed under Michigan Law. This argument was completely ignored by Sowndharya Subramaniam in their response to the request by the Magistrate for supplemental briefing on certain issues. In other words, the argument was made by the Defendant, Brindha Periyasamy and supported by case law. Sowndharya Subramaniam completely ignored this argument and put forth no response whatsoever and therefore, the Magistrate erred by denying the relief requested given that there was no opposition put forth to this argument in the supplement briefing.

(ECF No. 25, PageID.415–416 (formatting and other errors in original).)

Periyasamy's objection seems to point to two potential errors in the R&R, both of which stem from her argument that ERISA no longer applies because the life insurance proceeds were placed into the Court's registry. (ECF No. 25, PageID.415–416.) First, she states that the R&R "did not address this issue," implying that the R&R erred by failing to address the above argument. (*Id.* at PageID.416.) Second, she contends that Subramaniam ignored the above argument in her supplemental brief and that because Subramaniam ignored the argument, the R&R "erred by denying the relief requested." (*Id.*) As explained below, Periyasamy fails to demonstrate that the R&R contained a mistake on either issue.

8

As an initial matter, Periyasamy is mistaken that ERISA no longer applies when life insurance proceeds are deposited into the registry of the Court. Periyasamy supports her argument by citing to *Gray v. Aetna Life Ins. Co.*, No. 11-2204-STA-dkv, 2012 WL 1252572 (W.D. Tenn. Apr. 13, 2012), a Western District of Tennessee case. *Gray* states that "once the benefits [of an ERISA employee welfare benefit plan] have been released to the properly designated beneficiary, the district court has the discretion to impose a constructive trust upon those benefits in accordance with applicable state law if equity so requires." *Id.* at *2. In other words, once the benefits are released to the proper beneficiary, the Court *may* turn to state law in deciding whether to impose a constructive trust. *Gray* does not support Periyasamy's argument that the Court *must* apply state law over ERISA once the benefits are released. Periyasamy also fails to demonstrate that "the benefits were released to the properly designated beneficiary." *Gray*, 2012 WL 1252572, at *2. Here, the life insurance proceeds were placed into the registry of the Court pursuant to Federal Rule of Civil Procedure 22 while this ERISA action is pending. (ECF No. 10, PageID.84.) Periyasamy has not shown that the Court is the "properly designated beneficiary" in this case.

9

In addition, it appears that Periyasamy raises this argument for the first time in her objection. In her objection, she refers to her supplemental brief, which states that

> the Court may look to State law to determine the outcome of her Motion for Summary Judgment. In this case, the life insurance proceeds are no longer being held in the ERISA-governed plan by the Interpleader Plaintiff . . . . As a recent U.S. District Court stated, it is entirely proper to turn to State law once the former ERISA funds have been distributed.

(ECF No. 20, PageID.268.) Her supplemental brief quotes a Western District of Tennessee case that states that "once the benefits have been released to the properly designated beneficiary, the district court has the discretion to impose a constructive trust . . . in accordance with applicable state law if equity so requires." (*Id.* (quoting *Unum Life Ins. Co. of Am. v. Willis*, No. 1:19-cv-02719-STA-jay, 2021 WL 129819, at *2 (W.D. Tenn. Jan. 13, 2021)).)

In other words, Periyasamy previously argued in her supplemental brief that once the proceeds are distributed, the Court *may* turn to state law in determining whether to impose a constructive trust. This is different than her current argument that the Court *must* apply state law over ERISA once the proceeds are disbursed into the Court's registry. The

10

R&R could not have made a mistake by failing to a respond to an argument that Periyasamy raised for the first time in an objection.[2] Thus, there was no mistake in the R&R on the first issue Periyasamy raises in her objection.

As to the second issue, Periyasamy does not explain why Subramaniam's failure to address an argument in Periyasamy's supplemental brief should have resulted in the R&R granting the "relief requested."[3] (*Id.*) Nor does she provide any authority to support this argument. (*Id.*) As noted, objections must be clear and specific enough for the Court to address them squarely on the merits. *See Pearce*, 893 F.3d at 346. Thus, Periyasamy has not shown that the R&R made a mistake as to the second issue she raises in her objection. Because the R&R did not make a mistake as to either issue, her second objection is overruled.

---

[2] The Court notes that the R&R addressed the argument presented in Periyasamy's supplemental brief. (*See* ECF No. 23, PageID.323.) The R&R states that "Periyasamy also argues that ERISA is no longer applicable because the funds were disbursed, and she urges that the Court turn to Michigan law to create a constructive trust. ECF No. 20, PageID.268-269 . . ." (*Id.*) The R&R then explains why a constructive trust is not warranted in this case.

[3] Periyasamy also does not specify what "relief requested" refers to.

11

## IV. Conclusion

For the reasons set forth above, the Court overrules Periyasamy's objections (ECF No. 25) and ADOPTS the R&R. (ECF No. 23.) Periyasamy's motion for summary judgment (ECF No. 14) is DENIED.

IT IS SO ORDERED.

Dated: February 13, 2023       s/Judith E. Levy
   Ann Arbor, Michigan      JUDITH E. LEVY
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2023.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager