# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

The Lincoln National Life
Insurance Company,

                               Plaintiff,

v.

Sowndharya Subramaniam, *et al.*,

                             Defendants.

Case No. 21-cv-12984

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

_____/

## OPINION AND ORDER GRANTING DEFENDANT SOWNDHARYA SUBRAMANIAM'S MOTION FOR SUMMARY JUDGMENT [24] AND DENYING AS MOOT DEFENDANT BRINDHA PERIYASAMY'S MOTION TO FILE A CROSSCLAIM [28]

Before the Court are Defendant Sowndharya Subramaniam's motion for summary judgment (ECF No. 24) and Defendant Brindha Periyasamy's motion to file a crossclaim against Subramaniam. (ECF No. 28.) For the reasons set forth below, Subramaniam's motion for summary judgment is granted. Accordingly, Periyasamy's motion to file a crossclaim is denied as moot.

## I.      Background

On May 5, 2022, Periyasamy filed a motion for summary judgment. (ECF No. 14.) On January 13, 2023, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R") recommending the Court deny Periyasamy's motion for summary judgment. (ECF No. 23.) Periyasamy filed two timely objections to the R&R on January 27, 2023. (ECF No. 25.) On February 13, 2023, the Court overruled Periyasamy's objections and adopted the R&R. (ECF No. 31.)

Subramaniam filed her motion for summary judgment on January 16, 2023. (ECF No. 24.) This motion is fully briefed. (ECF Nos. 24, 27, 33.) On February 6, 2023, Periyasamy filed a motion to file a crossclaim against Subramaniam. (ECF No. 28.) Subramaniam filed a response. (ECF No. 32.)

Because Subramaniam's and Periyasamy's summary judgment motions involve the same facts, the Court adopts by reference the background set forth in the R&R on Periyasamy's motion, having reviewed it and finding it to be accurate and thorough. (*See* ECF No. 23, PageID.316–319.)

## II. Legal Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)).

## III. Analysis

In her summary judgment motion, Subramaniam argues that she is entitled to the decedent's life insurance proceeds because ERISA

preempts state law and she was the named beneficiary. (*See* ECF No. 24,

PageID.332–334.) She also argues that there is no exemption to ERISA

preemption because the divorce decree is not a qualified domestic

relations order ("QDRO"). (*Id.*) Periyasamy disagrees. (ECF No. 27,

PageID.458–461.)

As the R&R explained,

> ERISA is the federal statute that governs employee benefit welfare plans. 29 U.S.C. §§ 1001 *et seq.* Under ERISA, federal law must supersede all state laws which "relate to" an ERISA plan. *See* 29 U.S.C. § 1144(a). And "[t]he designation of beneficiaries plainly relates to…ERISA plans." *McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir. 1990), *on reh'g*, 922 F.2d 841 (6th Cir. 1990). Generally, divorce decrees purporting to affect the benefits payable under an ERISA plan are not exempt, but a divorce decree that constitutes a qualified domestic relations order (QDRO) is exempt from ERISA's coverage. 29 U.S.C. §§ 1144(a), 1056(d)(3)(A); *Unicare Life & Health Ins. Co. v. Craig*, 157 F. App'x 787, 791 (6th Cir. 2005).
>
> To qualify as a QDRO, the divorce decree must meet the requirements in 29 U.S.C. § 1056(d)(3). *See Metro. Life Ins. Co. v. McDonald*, 395 F. Supp. 3d 886, 890 (E.D. Mich. 2019). Among other requirements, the divorce decree must identify an alternate payee who would "receive all or a portion of the benefits payable with respect to a participant under a plan." 29 U.S.C. § 1056(d)(3)(B)(i)(I). Both Periyasamy and Subramaniam agree that the divorce decree lacks the requisite information and is not a QDRO. ECF No. 20, PageID.266; ECF No. 21, PageID.295. Thus, the divorce decree is not exempt from preemption by ERISA.

(ECF No. 23, PageID.320–321.)

The same analysis applies here. As the R&R correctly notes, the divorce decree is not a QDRO because it does not specify an "alternate payee who would 'receive all or a portion of the benefits payable with respect to a participant under a plan.'" (*Id.*) In addition, both Periyasamy and Subramaniam agree that the divorce decree is not a QDRO. (ECF No. 20, PageID.266; ECF No. 21, PageID.295; ECF No. 23, PageID.321; ECF No. 24, PageID.332.) Because the divorce decree is not a QDRO, there is no genuine dispute of material fact that ERISA preempts state law and "the plan documents naming Subramaniam as the beneficiary of the policy controls." (ECF No. 23, PageID.324.)

Periyasamy's arguments in response do not challenge this conclusion. In her response brief, Periyasamy argues that Subramaniam waived her rights to the insurance proceeds by executing the divorce decree. (ECF No. 27, PageID.461–462.) However, as the R&R correctly noted, executing a divorce decree does not waive one's interest as a beneficiary under ERISA even if the divorce decree contains a waiver provision. (ECF No. 23, PageID.322–323 (citing *McMillan v. Parrott*, 913 F.2d 310, 311–12 (6th Cir. 1990)).)

In addition, Periyasamy appears to bring an unjust enrichment claim in her response brief. (ECF No. 27, PageID.463–464.) But the Court cannot consider a claim raised for the first time in a response brief. *Cf. Jocham v. Tuscola Cnty.*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003) ("The pleading contains no such allegation, and the plaintiffs may not amend their complaint through a response brief."). *See generally* Fed. R. Civ. P. 8.

Finally, Periyasamy argues that "a question of fact exists as to . . . whether the Court should impose a constructive trust over the proceeds of the insurance proceeds." (ECF No. 27, PageID.452–453.) The Court previously declined to impose a constructive trust in its order adopting the R&R:

> Under Michigan law, "a constructive trust is strictly not a trust at all, but merely a remedy administered in certain fraudulent breaches of trusts." *Metro. Life Ins. Co. v. Mulligan*, 210 F. Supp. 2d 894, 899 (E.D. Mich. 2002) (citing *Blachy v. Butcher*, 221 F.3d 896, 905 (6th Cir. 2000)). A constructive trust "may be imposed when property has been obtained through fraud, misrepresentation, concealment, . . . or any other similar circumstances which render it unconscionable for the holder of the legal title to retain and enjoy the property." *Blachy*, 221 F.3d at 903. "[T]he party wanting the constructive trust to be imposed has the burden of proof." *Mulligan*, 210 F. Supp. 2d at 899. There is a

presumption against imposing a constructive trust "upon parties 'who have in no way contributed to the reasons for imposing a constructive trust.'" *Kammer Asphalt Paving Co. v. E. China Twp. Sch.*, 443 Mich. 176, 188 (1993); *Mulligan*, 210 F. Supp. 2d at 899 (citing *Ooley v. Collins*, 344 Mich. 148, 158 (1955)).

Here, there is no evidence of "fraud, misrepresentation, concealment, . . . or any other similar circumstances" that warrants imposing a constructive trust against Subramaniam. *Blachy*, 221 F.3d at 903; *see, e.g.*, *Chavarria v. Metro. Life Ins. Co.*, No. 2:08-cv-14234, 2009 WL 1856542, at *4 (E.D. Mich. June 25, 2009) (imposing a constructive trust under Michigan law because it "would afford [a decedent's ex-wife] the benefit of the bargained-for divorce agreement" when the decedent "misrepresented himself when signing the Judgment of Divorce"). It is undisputed that this litigation arose because decedent "did not complete a new enrollment form to designate his new spouse, Periyasamy, as his life insurance beneficiary." (ECF No. 23, PageID.317.) This case involves no allegations of fraud, misrepresentation, or concealment, and there is no showing of this type of misconduct. Although Periyasamy argues that it would be unconscionable for Subramaniam to get the life insurance proceeds because decedent and Subramaniam did not maintain a relationship following their divorce, Periyasamy points to no authority that demonstrates that a constructive trust should be imposed on this basis. (*See* ECF No. 25; PageID.411–412.)

Moreover, Subramaniam "in no way contributed to the reasons for imposing a constructive trust.'" *Kammer*, 443 Mich. at 188. Given the presumption under Michigan law against imposing a constructive trust against someone who did not contribute to the reasons for imposing the trust, *see*

*id.*, Periyasamy has failed to meet her burden of showing that the Court should impose a constructive trust. Because Periyasamy does not show that the R&R erred in recommending that the Court decline to impose a constructive trust, Periyasamy's first objection is overruled.

(ECF No. 31, PageID.571–573.)

Periyasamy again fails to provide evidence of "fraud, misrepresentation, concealment, . . . or any other similar circumstances" that would warrant imposing a constructive trust against Subramaniam. *Blachy v. Butcher*, 221 F.3d 896, 903 (6th Cir. 2000). To support that a constructive trust is warranted, Periyasamy only states that the "consent judgment in the divorce . . . specifically allowed for the imposition of a constructive trust" and provides more details on the financial hardship she experienced. (ECF No. 27, PageID.453, 454–456.) She also does not counter the Court's earlier statement that Subramaniam "in no way contributed to the reasons for imposing a constructive trust.'" (ECF No. 31, PageID.573 (quoting *Kammer Asphalt Paving Co. v. E. China Twp. Sch.*, 443 Mich. 176, 188 (1993)).) Even viewing the evidence in the light most favorable to Periyasamy, there are no facts here that support the existence of "fraud, misrepresentation, concealment, . . . or any other similar circumstances." *Blachy*, 221 F.3d at 903.

Periyasamy also argues that because the life insurance proceeds were deposited into the court registry, the Court must impose a constructive trust. (ECF No. 27, PageID.466–468.) As the Court previously noted, "once the benefits are released to the proper beneficiary, the Court *may* turn to state law in deciding whether to impose a constructive trust." (ECF No. 31, PageID.575.) Like before, Periyasamy has not shown that the benefits were released to the proper beneficiary. (*See* ECF No. 27.) Nor has she provided any authority to support that the Court *must* impose a constructive trust. (*See id.*) Accordingly, "the plan documents naming Subramaniam as the beneficiary of the policy controls." (ECF No. 23, PageID.324.)

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Subramaniam's motion for summary judgment. (ECF No. 24.) Accordingly, Periyasamy's motion to file a crossclaim (ECF No. 28) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: April 5, 2023          s/Judith E. Levy
   Ann Arbor, Michigan        JUDITH E. LEVY
                              United States District Judge

9

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 5, 2023.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager